UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

DANIEL T. WARREN,

            Plaintiff,

      v.                                                    16-CV-221
                                                       DECISION & ORDER
MARINER FINANCE, LLC,

            Defendant.

_____

On February 27, 2016, the plaintiff, Daniel T. Warren, filed a complaint in New

York State Supreme Court, Erie County, alleging that a loan issued by the defendant,

Mariner Finance, LLC ("Mariner"),[1] was usurious and therefore void.  Docket Item 1-2.

Warren also alleged violations of the Fair Credit Reporting Act ("FCRA") and New York

General Business Law ("GBL") § 349.  Docket Item 1-2.  On March 15, 2016, Mariner

removed Warren's complaint to this Court under 28 U.S.C. § 1331.  Docket Item 1.[2]  On

April 4, 2016, Warren amended his complaint.  Docket Item 11.

On April 22, 2016, Mariner moved to dismiss the amended complaint for failure to

state a claim, Docket Item 19, and on June 20, 2016, Warren moved for partial

summary judgment, Docket Item 28.  On August 12, 2020, this Court granted in part

and denied in part Mariner's motion to dismiss and denied Warren's motion for partial

_____

[1]  Warren also alleged claims against two other defendants—credit reporting
agencies TransUnion LLC, and Equifax Information Services, LLC—but this Court
subsequently dismissed the claims against those defendants by stipulation of the
parties.  Docket Items 24, 26, 32, and 33.

[2]  This case originally was assigned to the Honorable John T. Curtin and
subsequently was transferred to the undersigned.  See Docket Item 12.

summary judgment as moot.  Docket Item 35.  More specifically, the Court granted Mariner's motion to dismiss with respect to Warren's usury claim but allowed Warren to amend his complaint with respect to his claims under the FCRA and GBL § 349 within 45 days of the Court's decision and order.  *See id.* at 17.

Two days before the Court issued its decision and order on the motion to dismiss, Warren moved to amend his complaint to remove his FCRA claim and to remand this matter to state court.  Docket Item 34.  In light of its decision and order, the Court ordered Warren to report within 45 days whether he would like to proceed with his motion to remand or withdraw it.  Docket Item 35.

On August 25, 2020, Warren moved for reconsideration of this Court's decision and order.  Docket Item 36.  The Court stayed Warren's deadline for amending his complaint and informing the Court whether he would proceed with his motion for remand until 30 days after a decision on his motion for reconsideration.  Docket Item 37. On September 10, 2020, Mariner responded to Warren's motion for reconsideration, Docket Item 38, and on September 21, 2020, Warren replied, Docket Item 39.

For the reasons that follow, Warren's motion for reconsideration is denied. Warren shall amend his complaint and inform the Court whether he will proceed with his motion for remand within **30 days of the date of this decision and order**.

## DISCUSSION

"A motion for reconsideration is an extraordinary request that is granted only in rare circumstances, such as where the court failed to consider evidence or binding authority."  *Van Buskirk v. United Grp. of Companies, Inc.,* 935 F.3d 49, 54 (2d Cir. 2019).  Thus, "reconsideration will generally be denied unless the moving party can

point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader* v. *CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

Here, Warren argues that "[o]nce this Court came to the conclusion that [his FCRA] cause of action failed to state a claim[,] it lacked subject matter jurisdiction to even look at the causes of action premised solely on [s]tate law." Docket Item 36-1 at 4. Alternatively, he contends that even if Mariner "is correct that this Court has supplemental jurisdiction over the First and Third causes of action and discretion to remand, or not, it should exercise its discretion to decline to reach them." Docket Item 39 at 3.

Federal district courts have jurisdiction over "civil actions arising under the Constitution, laws or treaties of the United States," including the FCRA. 28 U.S.C. § 1331. Federal courts may exercise supplemental jurisdiction over all other claims which are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a).

When a district court dismisses a federal claim that provided the basis for its original jurisdiction, it has "the discretion to retain jurisdiction over the plaintiff's supplemental state law claims." *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1191 (2d Cir. 1996); *see also* 28 U.S.C. § 1367(c)(3) (explaining that "district courts *may* decline to exercise supplemental jurisdiction over a claim" if "the district court has dismissed all claims over which it has original jurisdiction" (emphasis added)). In deciding whether to retain supplemental jurisdiction over state claims, a court should

"consider factors such as judicial economy, convenience, fairness, and comity." *Nowak*, 81 F.3d at 1191.

Here, as Mariner observes, all of Warren's "claims arise from the same facts, Mariner's extension of credit." Docket Item 38 at 2. Thus, this Court finds that the state law claims are "so related to [the FCRA claim] that they form part of the same case or controversy." 28 U.S.C. § 1367(a).

The Court further finds that it appropriately retained jurisdiction over Warren's state law claims. As an initial matter, the Court did not dismiss Warren's federal claim under the FCRA claim outright; it granted him leave to amend. *See* Docket Item 35 at 17 (ordering that "Warren may amend his complaint with respect to his claims under the FCRA and GBL § 349" and "*[i]f Warren does not amend his complaint* within 45 days of the date of this decision and order, the complaint *will be dismissed* without further order of the Court" (emphasis added)). Given that the motion to dismiss had been pending for over four years, it promoted both "convenience" and "fairness" to decide the issues all at once, rather than delaying further to see whether Warren successfully amended his FCRA claim. What is more, at the time Warren filed his motion to remand, this Court had nearly finished drafting its decision and order on the motion to dismiss. It thus promoted "judicial economy" to issue the decision and order rather than simply grant Warren's motion.

Moreover, "comity will not be unduly impacted by" this Court's exercise of supplemental jurisdiction. *See Williams v. Dow Chem. Co.*, 326 F. Supp. 2d 443, 449 (S.D.N.Y. 2004) (citing *Nowak*, 81 F.3d at 1191). Warren contends that "[i]t is beyond dispute that [his usury claim] presents novel and complex issues of state law." Docket

Item 39 at 3.  This Court disagrees.  As it explained in its decision and order, several courts and the New York State Department of Financial Services have interpreted the relevant state laws in the same way as this Court, while "[t]he only authority Warren cite[d] in support of his contrary position . . . is inapposite."  Docket Item 45 at 4-7.

For all those reasons, the Court denies Warren's motion for reconsideration.

## CONCLUSION

For the foregoing reasons, Warren's motion for reconsideration, Docket Item 36, is DENIED.  Warren's claims under the FCRA and GBL § 349 will be dismissed unless he files an amended complaint **within 30 days of the date of this decision and order** remedying the deficiencies outlined in this Court's prior decision and order dated August 12, 2020.  *See* Docket Items 35 and 37.  Warren also must inform the Court **within 30 days of the date of this decision and order** whether he would like to proceed with his motion to remand.[3]

SO ORDERED.

Dated:   September 25, 2020
        Buffalo, New York


                                             */s/ Lawrence J. Vilardo*
                                            LAWRENCE J. VILARDO
                                            UNITED STATES DISTRICT JUDGE

---

[3]  In his reply in support of his motion for reconsideration, Warren advised the Court that he "simply cannot in good faith amend [his FCRA claim] to meet the standard in this Court's ruling."  Docket Item 39.  If Warren amends his complaint with respect to his GBL § 349 claim only, he is not precluded from arguing that claim should be remanded.  In other words, this Court's decision that it properly decided the state law issues in the motion to dismiss is without prejudice to Warren's arguing that this Court should decline to exercise supplemental jurisdiction over the GBL § 349 moving forward if the FCRA claim is dismissed with prejudice but the GBL § 349 is allowed to proceed.